# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

TRACY MOORE, ET AL.,          )
                                          )
                Plaintiffs,      )
vs.                                  )         NO.  CIV-12-1003-HE
                                          )
MICHAEL B. DONLEY, Secretary of the  )
United States Air Force,          )
                                          )
               Defendant.     )

## ORDER

      Plaintiffs filed this action under the wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  Defendant filed a motion to dismiss, asserting that this court lacks subject matter jurisdiction over plaintiffs' action.  In the alternative, defendant asks the court to transfer the case to the United States Court of Federal Claims.  Plaintiffs did not respond to the motion.  The court concludes that it lacks subject matter jurisdiction over this case and that it should be transferred to the Court of Federal Claims.

      Plaintiffs—civilian employees at Tinker Air Force Base—allege that they were denied proper overtime and minimum wage compensation in violation of the FLSA by their employer, the United States of America.  Plaintiffs' amended complaint asserts that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because of the existence of a federal question.  However, "[b]ecause general jurisdictional statutes, such as 28 U.S.C. § 1331, do not waive the Government's sovereign immunity, a party seeking to assert a claim against the government under such a statute must also point to a specific waiver of immunity in order to establish jurisdiction."  <u>Normandy Apartments, Ltd. v. U.S.</u>

Dep't of Hous. & Urban Dev., 554 F.3d 1290, 1295 (10th Cir. 2009) (citation omitted). "The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable." *Id*. (citation omitted).

The FLSA provides a necessary waiver of sovereign immunity for suits against the United States. The FLSA provides: "An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State *court of competent jurisdiction . . . .*" 29 U.S.C. § 216(b) (emphasis added). The term "employee" includes "any individual employed by the Government of the United States as a civilian in the military departments." 29 U.S.C. § 203(e)(2)(A)(i). As the Federal Circuit recognized with regard to FLSA claims, "the issue . . . is not whether governmental immunity from suit has been waived, for it explicitly has been. The issue is only in which federal court the authorized suit may be brought." Saraco v. United States, 61 F.3d 863, 865-66 (Fed. Cir. 1995). Defendant argues that this court is not a court of competent jurisdiction for FLSA claims because the Tucker Act provides exclusive jurisdiction over such claims in the Court of Federal Claims. *See id.* at 866 (reaffirming Federal Circuit precedent that jurisdiction of cases under the FLSA is provided only by the Tucker Act).

The Big[1] Tucker Act establishes jurisdiction in the Court of Federal Claims for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with

---

[1] *Courts refer to 28 U.S.C. § 1491 as the "Big" Tucker Act and to 28 U.S.C. § 1346(a)(2) as the "Little" Tucker Act.*

the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Little Tucker Act gives concurrent jurisdiction to United States district courts and the Court of Federal claims over "[a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress . . . in cases not sounding in tort . . . ." 28 U.S.C. § 1346(a)(2). "Thus, Tucker Act claims for more than $10,000 can be brought only in the United States Claims Court. Claims for less than $10,000 generally can be brought either in a federal district court or in the United States Claims Court." United States v. Hohri, 482 U.S. 64, 67 n.1 (1987); *see also* Normandy Apartments, 554 F.3d at 1295 ("The Tucker Act vests exclusive jurisdiction with the Court of Federal Claims for claims against the United States founded upon the Constitution, Acts of Congress, executive regulations, or contracts and seeking amounts greater than $10,000." (quotation omitted)).

Because plaintiffs' FLSA claims fall within the purview of the Tucker Act,[2] jurisdiction is only proper in this court if plaintiffs seek less than $10,000. However, plaintiffs have not alleged the amount of damages they seek in this action. "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." Merida Delgado v.

_____

[2]*See* Saraco, 61 F.3d at 866; *Parker v. King, 935 F.2d 1174, 1178 (11th Cir. 1991) ("[J]urisdiction for claims to recover compensation for violations of the Fair Labor Standards Act rests in the federal courts by virtue of the Tucker Act." (citation omitted)). As plaintiffs have pointed to no other independent source of subject-matter jurisdiction and some waiver of sovereign immunity other than the Tucker Act, nor is any otherwise apparent to the court, jurisdiction over this matter is only proper within the confines of the Tucker Act. See* Wyodak Res. Dev. Corp. v. United States, 637 F.3d 1127, 1130 (10th Cir. 2011).

3

Gonzales, 428 F.3d 916, 919 (10th Cir. 2005) (citation omitted); *see also* Cortez v. E.E.O.C., 585 F. Supp. 2d 1273, 1288 (D.N.M. 2007) ("A plaintiff attempting to invoke the subject matter of the federal district courts bears the burden to establish his or her claim does not exceed the $10,000.00 jurisdictional limit established by the Little Tucker Act" (citations omitted)). "If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." Karnes v. Boeing Co., 335 F.3d 1189, 1193 (10th Cir. 2003) (citation omitted). Here, plaintiffs have made no attempt to show that their claims amount to less than $10,000, even in the face of defendant's challenge to the court's jurisdiction. Nor have plaintiffs waived recovery in excess of $10,000. *See* Roedler v. Dep't of Energy, 255 F.3d 1347, 1351 (Fed. Cir. 2001) ("A district court may permit multi-plaintiff Little Tucker Act cases to proceed when each plaintiff waives recovery in excess of $10,000, even when potential liability exceeds $10,000." (citing Saraco, 61 F.3d at 864)).

In light of the presumption against federal jurisdiction and the absence of a waiver of recovery in excess of $10,000 by the plaintiffs, this court lacks subject matter jurisdiction over plaintiffs' FLSA claims under the Little Tucker Act's limited grant of concurrent jurisdiction. The court concludes that it is in the interest of justice to transfer this matter to the Court of Federal Claims. 28 U.S.C. § 1631. Defendant's motion to dismiss [Doc. #14] is **GRANTED**, and plaintiffs' action is **TRANSFERRED** to the United States Court of Federal Claims.

**IT IS SO ORDERED**.

Dated this 30th day of July, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE